| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** <br> **Caption in Compliance with D.N.J. LBR 9004-1(b)** <br> Marianna Udem <br> Brigette McGrath <br> ASK LLP <br> 60 East 42nd Street, 46th Floor <br> New York, NY 10165 <br> Telephone: (212) 267-7342 <br> Facsimile: (212) 918-3427 <br> mudem@askllp.com <br> bmcgrath@askllp.com <br><br> *Special Counsel to the Plan Administrator* | |
| In re: <br><br> BED BATH & BEYOND, INC., *et al.*,[1] <br><br>                 Debtor. | Chapter 11 <br><br> Case No. 23-13359 (VFP) <br><br> (Jointly Administered) |
| Michael Goldberg, as Plan Administrator for 20230930-DK-Butterfly-1, Inc. (f/k/a/ Bed Bath & Beyond Inc.),[2] <br>                 Plaintiff, <br><br> v. <br><br> W.R. Partners, L.L.C., <br>                 Defendant. | Adv. No. **Refer to Summons** |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548, AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

[2] Pursuant to the *Certificate of Amendment of the Certificate of Incorporation of Bed Bath & Beyond Inc.*, which was filed with the State of New York Department of State on September 21, 2023, the name of the entity formerly known as "Bed Bath & Beyond Inc." was changed to *20230930-DK-Butterfly, Inc.* [Filing ID No. 230921001833 DOS ID 315602].

1

Michael Goldberg, in his capacity as Plan Administrator (the "Plaintiff" or "Plan Administrator") for 20230930-DK-Butterfly-1, Inc. (f/k/a/ Bed Bath & Beyond Inc.) and its affiliated debtors (each, a "Debtor" and collectively, the "Wind-Down Debtors" or "Debtors") in the above-captioned case, files this complaint (the "Complaint") to avoid and recover transfers against W.R. Partners, L.L.C. (the "Defendant") and to disallow any claims held by Defendant. In support of this Complaint, Plaintiff alleges upon information and belief that:

## NATURE OF THE CASE

1. Plaintiff seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property that occurred during the ninety (90) day period prior to the commencement of the Debtors' bankruptcy proceedings pursuant to sections 547 and 550 of chapter 5 of title 11 of the United States Code (the "Bankruptcy Code") and, subject to proof, (b) transfers that may have been fraudulent conveyances pursuant to sections 548 and 550 of the Bankruptcy Code.

2. In addition, Plaintiff seeks to disallow, pursuant to sections 502(d) and (j) of the Bankruptcy Code, any claim that Defendant has filed or asserted against the Debtors or that has been scheduled for Defendant. Plaintiff does not waive but hereby reserves all of its rights to object to any such claim for any reason, including, but not limited to, any reason set forth in sections 502(a) through (j) of the Bankruptcy Code.

## JURISDICTION AND VENUE

3. The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b). The underlying chapter 11 bankruptcy case is captioned *In re Bed Bath & Beyond, Inc.*, Case No. 23-13359 (VFP).

4.      This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2). Plaintiff consents to entry of final orders and judgment by the Court.

5.      Venue of the Debtors' chapter 11 case and this adversary proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

6.      The statutory and legal predicates for the relief sought herein are sections 502, 547, 548, and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## PROCEDURAL BACKGROUND

7.      On April 23, 2023 (the "Petition Date"), each Debtor, including Bed Bath & Beyond Inc. ("BB&B"), filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). During the Chapter 11 Cases, the Debtors continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Chapter 11 Cases were procedurally consolidated and jointly administered pursuant to Bankruptcy Rule 1015(b).

8.      On September 14, 2023, the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* [ECF No. 2172] (the "Confirmation Order"), confirming the *Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* [ECF No. 2160] (as amended, the "Plan").

9.      On September 29, 2023, the effective date of the Plan occurred (the "Plan Effective Date"). On the Plan Effective Date, the Plan Administrator became the sole representative of the Wind-Down Debtors. *See* Plan, Article IV, at § F.

3

**THE PARTIES**

10. Pursuant to the Plan and the Confirmation Order, Plaintiff assumed responsibility for, *inter alia*, investigating, prosecuting, and compromising any and all of the Wind Down Debtors' causes of action including claims under chapter 5 of the Bankruptcy Code.

11. Upon information and belief, Defendant was, at all relevant times a vendor or creditor that provided goods and/or services to or for the Debtors. Upon further information and belief, at all relevant times, Defendant's principal place of business has been and is located at 610 Brae Burn Drive, Martinez, Georgia 30907. Plaintiff is informed and believes and on that basis alleges that Defendant is a limited liability company residing in and subject to the laws of Georgia.

**FACTUAL BACKGROUND**

12. As more fully discussed in the *Amended Disclosure Statement Relating to the Amended Joint Chapter 11 Plan of Bed Bath & Beyond, Inc. and Its Debtor Affiliates* (the "Disclosure Statement"),[3] the Debtors were the largest home goods retailer in the United States, offering everything from bed linens to cookware to home organization, baby care, and more. At their peak, the Debtors operated over 970 stores across all 50 states and had additional operations spanning Canada, Mexico, and Puerto Rico.

13. As with many brick and mortar retailers, the Debtors were very negatively impacted by the COVID-19 pandemic. However, the twelve months prior to the Petition Date were the most difficult and turbulent in the Debtors' storied history. From "meme stock" mania to credit agreement defaults and back again, the Debtors explored various potentially value-maximizing alternatives in an effort to turn around their business and stave off chapter 11. In response to both macroeconomic factors and more specific business challenges, the Debtors' leadership formulated

---

[3] Case No. 23-13359, ECF No. 1690.

and attempted to implement a turnaround plan that was designed to refocus the business on its founding principles and restore consumer confidence. To that end, the Debtors secured credit agreement waivers and amendments and were able to access the equity markets in February and March of 2023 in a last-ditch effort to avoid bankruptcy. But, in store sales continued to decline—with fourth quarter sales falling by almost $1 billion dollars year over year—and strained vendor credit relationships which led to a lack of inventory. Ultimately, the Debtors were unable to service their funded debt obligations while simultaneously supplying sufficient inventory to their store locations.

14. As described in Article III, Section B.6 of the Plan, General Unsecured Claims comprise an impaired class of creditors and are not expected to be paid in full.

15. Prior to the Petition Date, the Debtors maintained business relationships with various business entities and individuals, through which the Debtors regularly purchased, sold, received, and/or delivered goods and services.

16. During the ninety (90) days before and including the Petition Date, that is between January 23, 2023, and April 23, 2023 (the "Preference Period"), the Debtors continued to operate their business, including the transfer of money, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits or otherwise to various entities.

17. Upon information and belief, during the course of their relationship, Defendant and one or more of the Debtors entered into agreements for the purchase of goods and/or services from the Defendant, which are evidenced by one or more contracts, purchase orders, invoices, communications, and other documents (collectively, the "Agreements"). The Agreements concerned and related to the goods and/or services provided by Defendant to one or more of the Debtors as described in the "Parties" section of this Complaint. The payments to the Defendant in

respect of the Agreements during the Preference Period are set forth on the Statement of Account, which is attached hereto and incorporated by reference as Exhibit A. Such details include "Invoice Number," "Invoice Date," "Invoice Amount," and the "Payment Date."

18. One or more of the Debtors made transfer(s) of an interest of the Debtors' property to or for the benefit of Defendant during the Preference Period through payments aggregating not less than the amount set forth on Exhibit A hereto (the "Transfer" or "Transfers"). The details of each Transfer are set forth on Exhibit A and incorporated by reference. Such details include "Check Number," "Check Amount," "Check Clear Date," and "Debtor Transferor(s)."

19. Plaintiff is seeking to avoid all of the Transfers made by the applicable Debtor(s) to Defendant within the Preference Period.

20. On or about November 15, 2023, Plaintiff, through counsel, sent a demand letter (the "Demand Letter") to Defendant, seeking a return of the Transfer(s). The Demand Letter indicated the potential statutory defenses available to Defendant pursuant to section 547(c) of the Bankruptcy Code and requested that if Defendant had evidence to support any affirmative defenses, it provide this evidence so Plaintiff could review the same.

21. Plaintiff also performed Plaintiff's own due diligence evaluation of the reasonably knowable affirmative defenses available to Defendant. As part of Plaintiff's due diligence, Plaintiff reviewed the Debtors' books and records in Plaintiff's possession and identified that Defendant potentially has $24,511.48 in invoices qualifying for the subsequent new value defense under section 547(c)(4) of the Bankruptcy Code. However, the subsequent new value defense is an affirmative defense, for which Defendant bears the burden of proof under section 547(g). The potential new value is based on the invoice date in the Debtors' electronic books and records. As the dates for new value are often based on the shipping dates for goods and the actual dates of

6

service for services, this preliminary new value number is subject to adjustment. Accordingly, Plaintiff puts Defendant to its burden of proof to establish it is entitled to this new value.

22. Based upon Plaintiff's review of the information, if any, provided by Defendant prior to filing this Complaint, and after performing Plaintiff's own due diligence evaluation of the reasonably knowable affirmative defenses to avoidance of the Transfer(s), including the review and evaluation described in the two immediately preceding paragraphs, Plaintiff has determined that Plaintiff may avoid some or all of the Transfers even after taking into account Defendant's alleged affirmative defenses.

23. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period or that may be avoidable under other provisions of the Bankruptcy Code. It is Plaintiff's intention to avoid and recover all avoidable transfers of property made by the Debtors to or for the benefit of Defendant or any other transferee, in accordance with the Bankruptcy Code and for the benefit of all creditors of the Debtors' estates. Plaintiff reserves its right to amend this original Complaint to include: (i) further information regarding the Transfer(s), (ii) additional transfers, (iii) modifications of and/or revision to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action, if applicable (collectively, the "<u>Amendments</u>"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

## **CLAIMS FOR RELIEF**

### **First Claim for Relief**
**(Avoidance of Preference Period Transfers – 11 U.S.C. § 547)**

24. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations contained in this First Claim for Relief.

25. As more particularly described on Exhibit A attached hereto and incorporated herein, during the Preference Period, the Debtor(s) identified on Exhibit A made each Transfer to or for the benefit of Defendant in an aggregate amount not less than $45,477.07.

26. Each Transfer was made from the Debtor(s) identified on Exhibit A, and constituted transfers of an interest in property of the transferring Debtor(s) as identified on Exhibit A.

27. Defendant was a creditor at the time of each Transfer by virtue of supplying the Debtor(s) identified on Exhibit A the goods and/or services identified in this Complaint and in the Agreements, as more fully set forth on Exhibit A hereto, for which the Debtor(s) identified on Exhibit A were obligated to pay following delivery in accordance with the Agreements.

28. Each Transfer was to or for the benefit of a creditor within the meaning of section § 547(b)(1) of the Bankruptcy Code because each Transfer either reduced or fully satisfied a debt or debts then owed by the Debtor(s) identified on Exhibit A to Defendant.

29. Each Transfer was made for, or on account of, an antecedent debt or debts owed by the Debtor(s) identified on Exhibit A to Defendant before such Transfers were made, as asserted by Defendant and memorialized in the Agreements, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of Defendant prior to being paid by the transferring Debtor(s) as set forth on Exhibit A hereto.

30. Each Transfer was made while the Debtors were insolvent. Plaintiff is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to section 547(f) of the Bankruptcy Code.

31. Each Transfer was made during the Preference Period, as set forth on Exhibit A.

32. As a result of each Transfer, Defendant received more than Defendant would have received if: (a) the Debtors' chapter 11 cases were cases under chapter 7 of the Bankruptcy Code;

8

(b) the Transfers had not been made; and (c) Defendant received distributions on account of its debts under the provisions of the Bankruptcy Code. As evidenced by the Debtors' schedules filed in the underlying bankruptcy case as well as the proofs of claim that have been received to date, and as described in the Plan and Disclosure Statement, the Debtors' liabilities exceed their assets such that the Debtors' unsecured creditors will not receive payment of their claims in full from the Debtors' bankruptcy estates.

33. In accordance with the foregoing, each Transfer is avoidable pursuant to section 547(b) of the Bankruptcy Code.

## Second Claim for Relief
### (Avoidance of Fraudulent Conveyances – 11 U.S.C. § 548(a)(1)(B))

34. Plaintiff hereby incorporates all previous allegations as though fully set forth herein, to the extent they are not inconsistent with allegations contained in this Second Claim for Relief.

35. To the extent one or more of the Transfers identified on Exhibit A was not made on account of an antecedent debt, was a prepayment for goods and/or services subsequently received, or was a transfer made by one Debtor without a corresponding transfer into the payment account by the Debtor incurring the debt, Plaintiff pleads in the alternative that the Debtor(s) making such transfer(s) did not receive reasonably equivalent value in exchange for such transfer(s) (the "Potentially Fraudulent Transfers"); and

A. The Debtors were insolvent as of the date of the Transfer(s), or became insolvent as a result of the Transfer(s); or

B. The Debtors were engaged, or about to engage, in business or a transaction for which any property remaining with the Debtors was an unreasonably small capital; or

9

C.  The Debtors intended to incur, or believed they would incur, debts beyond their ability to pay upon maturity.

36. Based upon the foregoing, the Potentially Fraudulent Transfers are avoidable pursuant to section 548(a)(1)(B) of the Bankruptcy Code.

**Third Claim for Relief**
**(Recovery of Avoided Transfers – 11 U.S.C. § 550)**

37. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with the allegations contained in this Fourth Claim for Relief.

38. Plaintiff is entitled to avoid the Transfer(s) pursuant to section 547(b) of the Bankruptcy Code, and any Potentially Fraudulent Transfers pursuant to section 548 of the Bankruptcy Code (collectively, the "Avoidable Transfers").

39. Defendant was the initial transferee of the Avoidable Transfer(s) or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Avoidable Transfer(s) were made.

40. Accordingly, pursuant to section 550(a) of the Bankruptcy Code, Plaintiff is entitled to recover from Defendant the Avoidable Transfer(s), plus interest thereon to the date of payment and the costs of this action.

**Fourth Claim for Relief**
**(Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))**

41. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations contained in this Claim for Relief.

42. Defendant is a transferee of transfers avoidable under sections 547 and/or 548 of the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

43. Defendant has not paid the amount of the Avoidable Transfer(s), or turned over such property, for which Defendant is liable under section 550 of the Bankruptcy Code.

44. Pursuant to section 502(d) of the Bankruptcy Code, any and all Claims of Defendant and/or its assignee, against Plaintiff or the Debtors must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfer(s), plus interest thereon and costs.

45. Pursuant to section 502(j) of the Bankruptcy Code, any and all Claims of Defendant, and/or its assignee, against the Debtors previously allowed by the Debtors or by Plaintiff, must be reconsidered and disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfer(s).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court grant the following relief against Defendant:

A. On Plaintiff's First, Second, and Third Claims for Relief, judgment in favor of Plaintiff and against Defendant avoiding all of the Avoidable Transfers and directing Defendant to return to Plaintiff the amount of the Avoidable Transfers, pursuant to sections 547(b), 548, and 550(a) of the Bankruptcy Code, plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

B. On Plaintiff's Fourth Claim for Relief, judgment in favor of Plaintiff and against Defendant disallowing any claims held or filed by Defendant against the Debtors or Plaintiff until Defendant returns the Avoidable Transfers to Plaintiff pursuant to section 502(d) and (j) of the Bankruptcy Code; and

C.    Such other and further relief as this Court may deem just and proper.

Dated: May 16, 2024

**ASK LLP**

By: /s/ *Brigette McGrath*
Brigette McGrath, Esq., NJ SBN 01000-2011
Gary Underdahl, Esq., MN SBN 0301693
ASK LLP
2600 Eagan Woods Drive, Suite 400
St. Paul, MN  55121
Telephone: (651) 289-3857
Fax: (651) 406-9676
Email: gunderdahl@askllp.com

*-and-*

Marianna Udem, Esq., NJ SBN 03659-2006
60 East 42nd Street, 46th Fl.
New York, NY  10165
Telephone: (212) 267-7342
Fax: (212) 918-3427

*Attorneys for Plaintiff*